IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| FAROOQ NASSERZIAYEE and LENORE SUPNET, husband and wife, on their own behalf, and on behalf of their daughter, M.N., a minor,<br><br>Plaintiffs,<br><br>v.<br><br>JACK RUGGLES, et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO DISMISS AND GRANTING-IN-PART AND DENYING-IN-PART MOTION FOR SUMMARY JUDGMENT**<br><br>Case No. 4:19-cv-00022 DN PK<br><br>District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

This action arises out of an accident that occurred during a horseback trail ride near Zion National Park. Plaintiffs Farooq Nasserziayee ("Nasserziayee") and Lenore Supnet ("Supnet") allege their minor daughter M.N. was thrown from her horse and injured during the ride due to the negligence of defendants Jack Ruggles ("Jack"), Jane Doe Ruggles ("Jane"), Zion Canyon Trail Rides at Jacob's Ranch, LLC ("ZCTR"), Joshua Ruggles ("Josh"), and Clay Doe ("Clay").[1]

Jack, Jane and ZCTR ("Moving Defendants") move to dismiss the action under Federal Rules of Civil Procedure 12(b)(7) and 19 for failure to join Josh and Clay as parties, and under Federal Rule of Civil Procedure 4(m) for failure to serve Josh and Clay within 90 days ("Motion to Dismiss").[2] In the alternative, they move for summary judgment ("Motion for Summary Judgment").[3]

---

[1] Josh and Clay have been named as parties, but not served.

[2] Motion to Dismiss and for Summary Judgment by Defendants Jack Ruggles, Jane Doe Ruggles, and Zion Canyon Trail Rides at Jacob's Ranch, LLC ("Motion"), docket no. 38, filed Oct. 30, 2020.

[3] *Id*.

Plaintiffs filed a memorandum opposing both motions[4]. The Moving Defendants filed a reply memorandum.[5] The arguments made by the parties have been considered. For the reasons stated below, the Motion to Dismiss is DENIED, and the Motion for Summary Judgment is GRANTED-IN-PART and DENIED-IN-PART.

## MOTION TO DISMISS

### The Case Will Not Be Dismissed Under Fed. R. Civ. P. 19

The Moving Defendants contend Josh and Clay, as ranch hands or "wranglers" working for ZCTR on the trail ride involving the Plaintiffs, are necessary and indispensable parties whose non-joinder is cause for dismissal of this action under Rule 19.[6] Josh and Clay are actually parties to the Amended Complaint[7] but have not been served. While the briefing assumes service is necessary for them to be fully joined, the parties did not brief that issue.[8] This order assumes that "joinder" requires service, but this order should not be cited for that unbriefed and unresearched proposition. In fact, the parties' assumption appears to be contrary to law because 28 U.S.C. § 1441(b)(2), in the context of removal, refers to being "joined and served" as two separate concepts.

However, operating on the parties' assumption that "joined" means "joined and served" (which assumption, again, is expressly disclaimed by this opinion)

> Determining whether an absent party is indispensable requires a two-part analysis. The court must first determine under Rule 19(a) whether the party is necessary to the suit and

---

[4] Plaintiffs' Response to Defendants' Motion to Dismiss and Response to Defendants' Motion for Summary Judgment ("Response"), docket no 39, filed Nov. 25, 2020.

[5] Defendants' Reply Memorandum Supporting Motion to Dismiss and for Summary Judgment by Defendants Jack Ruggles, Jane Doe Ruggles, and Zion Canyon Trail Rides at Jacob's Ranch, LLC ("Reply"), docket no. 40, filed Dec. 9, 2020.

[6] Motion at 6-7.

[7] Order Granting in Part and Denying in Part Motion to Add Parties and Amend Complaint as to those Parties, docket no. 32, filed April 9, 2020.

[8] Motion at 2.

2

must therefore be joined if joinder is feasible. If the absent party is necessary but cannot be joined, the court must then determine under Rule 19(b) whether the party is indispensable. If so, the suit must be dismissed.[9]

Determining whether a party is necessary requires assessment of three factors: (1) whether complete relief would be available to the parties already in the suit without them; (2) whether they have an interest related to the suit which as a practical matter would be impaired without their presence; and (3) whether a party already in the suit would be subjected to a substantial risk of multiple or inconsistent obligations without them in the suit.[10]

Josh and Clay are not necessary parties. The Moving Defendants have not identified any reason why complete relief would not be available to the parties already in the suit if they are not joined.[11] Nor have they identified any interest held by Josh and Clay that would be impaired without their presence. The Moving Defendants contend they are exposed to a substantial risk of multiple and/or inconsistent obligations without Josh and Clay in the suit based on the potential for a disproportionate judgment that fails to allocate fault to Josh and Clay.[12] A disproportionate judgment, however, is not a multiple or inconsistent obligation.[13]

The Moving Defendants have accordingly not established that Josh and Clay are necessary parties, and the Motion to Dismiss is denied on that ground. But even if they had established that Josh and Clay are necessary parties, and further established that service was

---

[9] *Rishell v. Jane Phillips Episcopal Memorial Medical Center*, 94 F.3d 1407, 1411 (10th Cir. 1996).

[10] *Id*.

[11] *See Burrell v. Greene*, Case No. 11-0393, 2011 WL 13277213 (D. N.M. Dec. 6, 2011) (holding that two individuals who worked for the defendant as independent contractors were not necessary parties because complete relief could be granted to the existing parties without their presence).

[12] Reply at 7.

[13] *See Hernandez v. Chevron U.S.A., Inc.*, 347 F.Supp.3d 921, 972-73 (D. N.M. 2018) ("inconsistent obligations occur when a party is unable to comply with one court's order without breaching another court's order concerning the same incident.") (citation omitted).

feasible,[14] the Motion to Dismiss would still fail because there has been no showing that Josh and Clay are indispensable.

Evaluation of whether an absent party is indispensable requires consideration of the following factors:

> first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.[15]

The Moving Defendants contend they will be prejudiced by a judgment entered against them without Josh and Clay in the case because any such judgment will not take into account Josh and Clay's share of the fault.[16] That assertion of prejudice is suspect in view of the Moving Defendants': (a) opposition to Plaintiffs' motion to add Josh and Clay as parties[17]; and (b) failure to file an allocation of fault pursuant to Utah Code Annotated § 78B-5-818 and DUCivR 9-1. The Moving Defendants' failure to attempt to allocate fault undermines any claim of prejudice from Josh and Clay's absence.

As to the other factors, there is no contention that a judgment entered in the absence of Josh and Clay will not be adequate. Nor is there any analysis regarding plaintiff's remedy if this action is dismissed for nonjoinder.

---

[14] It is not clear from the record whether service of Josh and Clay is feasible. Plaintiffs claim they have been trying for months to locate Josh and Clay for purposes of service, but have been unable to find them. Plaintiffs' efforts have included retaining a private investigator, and serving written discovery on the Moving Defendants seeking whatever contact information they had for them. *See* Response at 3, 15.

[15] Fed.R.Civ.P. 19(b).

[16] Reply at 7.

[17] Defendant's Opposition to Motion to Add Parties and Amend Complaint as to those Parties, docket no. 30, filed Feb. 13, 2020.

The Moving Defendants have not established that Josh and Clay are necessary or indispensable parties under their unusual view that they, even though parties, are not joined because they are not served.[18] The Rule 19 portion of the Motion to Dismiss will accordingly be denied.

### The Case Will Not Be Dismissed Under Fed. R. Civ. P. 4(m)

The Rule 4(m) portion of the Motion to Dismiss will also be denied. Rule 4(m) provides, in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.[19]

Plaintiffs will be ordered to serve Josh and Clay within 60 days of the date of this order.[20]

## MOTION FOR SUMMARY JUDGMENT

### Undisputed Material Facts[21]

1.    On March 21, 2016, Supnet, Nasserziayee and their minor daughter M.N. participated in a guided horseback trail ride outfitted and led by ZCTR.[22]

---

[18] *M.N. v. United Healthcare Ins.*, Case No. 2:18-cv-00710-DBB-CMR, 2020 WL 1644199, at *3 n. 51 (D. Utah April 2, 2020) (citation omitted) (holding that the moving party has the burden of persuasion on a motion to dismiss for failure to join an indispensable party).

[19] Fed.R.Civ.P. 4(m).

[20] In the Response, Plaintiffs ask for the court's assistance in locating Josh and Clay. Plaintiffs will need to file a separate motion on that issue. Motions cannot be made in a response memorandum. *See* DUCivR 7-1(b)(1)(A).

[21] Plaintiffs' Response does not comply with DUCivR 56-1(c)(3) in that there is no "Response to Statement of Undisputed Material Facts" section. Instead, Plaintiffs present their own "Statement of Material Facts" that is not responsive to the Moving Defendants' statement.

[22] Motion at 4-5, Exh. A; Affidavit of Lenore Supnet, docket no. 39-1, filed Nov. 25, 2020.

    2.      Prior to the trail ride, Supnet signed a document titled "Horse Rental, Equestrian, Guide & Outfitters Services Agreement, Liability Release, & Assumption of Risk Agreement (For Individuals)" ("Release") on behalf of herself and her family.[23]

    3.      The Release states:

> I ACKNOWLEDGE THAT [h]orseback riding is classified as RUGGED ADVENTURE RECREATIONAL SPORT ACTIVITY & that risks, conditions, & dangers are inherent in (meaning an integral part of) horse/equine/animal activities regardless of all feasible safety measures which can be taken & I agree to assume them.
>
> I AGREE THAT [i]n consideration of THIS STABLE allowing my participation in this activity, under the terms set forth herein, I for myself and on behalf of my child and/or legal ward, heirs, administrators, personal representatives or assigns, do agree to release, hold harmless, and discharge THIS STABLE, its owners, agents, employees, officers, directors, representatives, assigns, members, owners of premises and trails, affiliated organizations, and Insurers, and others acting on their behalf (hereinatfter, collectively referred to as "Associates"), of and from all claims, demands, causes of action and legal liability, whether the same be known or unknown, anticipated or unanticipated, due to THIS STABLE'S and/or ITS ASSOCIATE'S ordinary negligence or legal liability; and I do further agree that except in the event of THIS STABLE'S gross negligence and/or willful and/or wanton misconduct, I shall not bring any claims, demands, legal actions and causes of action, against THIS STABLE and ITS ASSOCIATES as stated above in this clause, for any economic or non-economic losses due to bodily injury and/or death and/or property damage, sustained by me and/or my minor child or legal ward in relation to the premises and operations of THIS STABLE, to include riding, handling, or otherwise being near horses owned by me or owned by THIS STABLE, or in the care, custody or control of THIS STABLE, whether on or off the premises of THIS STABLE, but not limited to being on THIS STABLE'S premises.[24]

---

[23] *Id*.

[24] *Id*.

**DISCUSSION**

Under Federal Rule of Civil Procedure 56(a), a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[25] After the movant demonstrates the absence of evidence supporting the nonmovant's case, the nonmovant must show more than simply "some metaphysical doubt as to the material facts."[26] He or she must present "sufficient evidence in specific, factual form for a jury to return a verdict in that party's favor."[27]

The Moving Defendants contend they are entitled to summary judgment on three grounds: (1) Plaintiffs signed the Release; (2) the Utah Equine Act[28] ("UEA") bars liability for injuries resulting from equine activity; and (3) the alleged negligence does not as a matter of law rise to the level of gross negligence.[29]

*Release*

Plaintiffs expressly released the Moving Defendants from all claims for ordinary negligence against the Moving Defendants.[30] Plaintiffs have not made any credible argument why the Release should not be enforced as written.[31] They contend they were not given a sufficient opportunity to review the Release before signing it, and that the meaning of the

---

[25] Fed.R.Civ.P. 56(a).

[26] *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

[27] *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991).

[28] Utah Code Ann. § 78B-4-201 et seq.

[29] Motion at 8, 13.

[30] Motion at 4-5, Exh. A; Affidavit of Lenore Supnet, docket no. 39-1, filed Nov. 25, 2020.

[31] In *Penunuri v. Sundance Partners, LTD*, 2013 UT 22 ¶ 33, the Utah Supreme Court held that a similar preinjury waiver was enforceable.

Release was not explained to them[32]. Plaintiffs, however, do not cite any legal authority for the idea that a signed release is not enforceable under those circumstances.

Plaintiffs further contend they were not provided with a copy of the UEA to review before signing the release[33] Even if true, that fact has no bearing on the enforceability of the Release, or on the applicability of the liability protection afforded by the UEA to equine sponsors. The UEA does not require an equine sponsor to provide participants with copies of the UEA. Rather, the UEA requires equine sponsors to provide participants with notice of the inherent risks associated with participation, and that the sponsor is not liable for certain of those risks.[34] The notice may be provided to participants in one of two ways: (1) "posting a sign in a prominent location within the area being used for the activity; or (2) providing a document or release for the participant, or the participant's legal guardian if the participant is a minor, to sign."[35] The notice is sufficient if includes the definition of inherent risk and states the sponsor is not liable for those inherent risks.[36] The Moving Defendants provided the required notice in the Release, which includes the definition of inherent risk and states that the participant assumes those risks.[37] Plaintiffs' UEA-based argument is accordingly without merit.

Plaintiffs' claims for ordinary negligence and negligent infliction of emotional distress are barred by the Release, and the Moving Defendants are entitled to summary judgment on those claims.

---

[32] Response at 5.

[33] *Id*.

[34] Utah Code Ann. § 78B-4-203(1).

[35] Utah Code Ann. § 78B-4-203(2).

[36] Utah Code Ann. § 78B-4-203(3).

[37] Motion, Exh. A.

Claims for gross negligence and intentional conduct are not waived by the terms of the Release. Summary judgment on the claims for gross negligence and intentional infliction of emotional distress based on the Release will accordingly be denied.

The Moving Defendants argue, without any analysis or citation to legal authorities, that the claim for intentional infliction of emotional distress is within the scope of the Release.[38] The Release covers claims arising out of "ordinary negligence or legal liability." The Moving Defendants suggest the "legal liability" language covers a claim for intentional infliction of emotional distress. The Release will not be interpreted in that way without any supporting authority.

First, there would be no need to single out claims arising out of "ordinary negligence" as being released if all claims (including ordinary negligence) were released by virtue of the "legal liability" language.

Second, Plaintiffs release the Moving Defendants "from all claims, demands, causes of action and **legal liability**" due to "THIS STABLE'S and/or ITS ASSOCIATE'S ordinary negligence or **legal liability**."[39] The provision is circular. What does it mean for Plaintiffs to release ZCTR from legal liability due to ZCTR's legal liability? Unfortunately, the Moving Defendants do not attempt to propose a solution. The repetition adds nothing to the phrase.

Third, the last part of the liability release excepts "gross negligence and/or willful and/or wanton misconduct" from the release: "and I do further agree that except in the event of THIS STABLE'S gross negligence and/or willful and/or wanton misconduct, I shall not bring any

---

[38] Motion at 14.

[39] Motion, Exh. A.

claims, demands, legal actions and causes of action…"[40] That exception suggests that the "legal liability" release does not extend to gross negligence and intentional acts.[41]

*UEA*

The UEA does not preclude liability in cases of negligence, gross negligence or intentional conduct.[42] Summary judgment will not be entered on that ground.

*Gross Negligence*

Under Utah law, "[g]ross negligence is *the failure to observe even slight care;* it is carelessness or recklessness to a degree that shows utter indifference to the consequences that may result."[43] "Gross negligence requires proof of conduct substantially more distant from the appropriate standard of care than does ordinary negligence."[44] "Whether an actor's conduct constitutes negligence is generally a factual question left to a jury. The question should only be answered by the court in rare cases where the evidence is susceptible to only one possible inference."[45]

This is not one of those rare cases. Plaintiffs have submitted evidence that helmets were not made available to the group[46], and the horses were at one point encouraged by the trail guides to go faster, even though they were carrying inexperienced riders.[47] The Moving

---

[40] *Id.*

[41] *WebBank v. American General Annuity Service Corp.*, 2002 UT 88, ¶ 18 ("In interpreting a contract, 'we look to the writing itself to ascertain the parties' intentions, and we consider each contract provision…in relation to all of the others, with a view toward giving effect to all and ignoring none.'")

[42] Utah Code Ann. § 78B-4-202(d)-(e).

[43] *Milne v. USA Cycling Inc.*, 575 F.3d 1120, 1130 (10th Cir. 2009) (citations omitted).

[44] *Id.* (citations omitted).

[45] *Id.* (citations omitted).

[46] Affidavit of Lenore Supnet, docket no. 39-1 at ¶ 6, filed Nov. 25, 2020.

[47] *Id.* at ¶ 12.

Defendants dispute this evidence in their Reply memorandum,[48] although they do not submit any supporting evidence, such as an affidavit from the individual(s) who outfitted Plaintiffs or guided the ride. These are disputed facts not amenable to resolution on summary judgment. Plaintiffs' evidence, if believed by a jury, may support a finding of gross negligence against the Moving Defendants. Summary judgment will therefore not be entered on the gross negligence claim.

## ORDER

IT IS HEREBY ORDERED:

(1)  the Motion to Dismiss[49] is DENIED;

(2) the Motion for Summary Judgment[50] is GRANTED on the claims for ordinary negligence and negligent infliction of emotional distress;

(3) the Motion for Summary Judgment[51] is DENIED on the claims for gross negligence and intentional infliction of emotional distress; and

(4) Plaintiffs shall serve the Amended Complaint on Defendants Josh Ruggles and Clay Doe within 60 days of the date of this Order.

Signed March 1, 2021.

BY THE COURT

_____
David Nuffer
United States District Judge

---

[48] Reply at 13.

[49] Motion to Dismiss and for Summary Judgment by Defendants Jack Ruggles, Jane Doe Ruggles, and Zion Canyon Trail Rides at Jacob's Ranch, LLC, docket no. 38, filed Oct. 30, 2020.

[50] *Id*.

[51] *Id*.