IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| FAROOQ NASSERZIAYEE and LENORE SUPNET, husband and wife, on their own behalf, and on behalf of their daughter, M.N., a minor,<br><br>Plaintiffs,<br><br>v.<br><br>JACK RUGGLES, et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING [50] MOTION FOR SERVICE BY PUBLICATION AND GRANTING [52] MOTION TO EXTEND TIME TO SERVE COMPLAINT**<br><br>Case No. 4:19-cv-00022-DN-PK<br><br>District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

Plaintiffs filed a motion for alternate service ("Motion")[1] and a motion to extend time to serve the Complaint[2] ("Motion for Time")[3] on Defendants Joshua Ruggles ("Ruggles") and Clay Doe ("Clay"). Defendants Jack Ruggles, Jane Doe Ruggles, and Zion Canyon Trail Rides at Jacob's Ranch, LLC ("Defendants") oppose both motions.[4] Because Plaintiffs meet the requirements in Rule 4 of the Federal Rules of Civil Procedure for alternate service and there is good cause to extend the time for Plaintiffs to serve the Complaint on Ruggles and Clay, both motions are GRANTED.

---

[1] Motion and Affidavit for Alternate Service ("Motion"), docket no. 50, filed Apr. 23, 2021.

[2] First Amended Complaint ("Complaint"), docket no. 33, filed Apr. 14, 2021.

[3] Motion and Memorandum to Extend Time to Serve Complaint ("Motion for Time"), docket no. 52, filed Apr. 28, 2021.

[4] Opposition to Plaintiffs' Motion and Affidavit for Alternate Service ("Opposition"), filed May 7, 2021; Opposition to Plaintiffs' Motion and Memorandum to Extend Time to Serve Complaint ("Opposition to Extension"), docket no. 54, filed May 12, 2021.

## DISCUSSION

In the Memorandum Decision and Order Denying Motion to Dismiss and Granting-In-Part and Denying-In-Part Motion for Summary Judgment ("Order")[5] entered on March 1, 2021, the Plaintiffs were given 60 days to serve Ruggles and Clay the Complaint. Before the 60-day deadline, Plaintiffs filed their Motion requesting leave to serve Ruggles and Clay by alternate service.[6]

Rule 4(e)(1) of the Federal Rules of Civil Procedure allows an individual to be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Rule 4(d)(5)(A) of the Utah Rules of Civil Procedure provides:

> "[I]f there is good cause to believe that the person to be served is avoiding service, the party seeking service may file a motion to allow service by some other means. An affidavit or declaration supporting the motion must set forth the efforts made to identify, locate, and serve the party, or the circumstances that make it impracticable to serve all of the individual parties."

Plaintiffs have provided the requisite affidavits for Ruggles and Clay, which evidence shows Ruggles and Clay are avoiding service.

Defendants argue that Plaintiffs' Motion is moot because the initial 90 days to serve the Complaint on Ruggles and Clay has expired.[7] Defendants already made this argument in their motion to dismiss and motion for summary judgment[8] and their argument was denied.[9] Their argument fails again here for the same reason. Rule 4(m) of the Federal Rules of Civil Procedure

---

[5] Docket no. 45, filed Mar. 1, 2021.

[6] Motion.

[7] Opposition at 3.

[8] Motion to Dismiss and for Summary Judgment by Defendants Jack Ruggles, Jane Doe Ruggles, and Zion Canyon Trail Rides at Jacob's Ranch, LLC, docket no. 38, filed Oct. 30, 2020.

[9] Memorandum Decision and Order Denying Motion to Dismiss and Granting-in-Part and Denying-in-Part Motion for Summary Judgment, at 5, docket no. 45, filed Mar. 1, 2021.

allows a court to "order that service be made within a specified time." Rule 6(b) of the Federal Rules of Civil Procedure also allows courts to extend the time to act for good cause. We find good cause here because Ruggles and Clay have been avoiding service.

Defendants also argue that allowing Plaintiffs to effect service of Ruggles and Clay by serving Defendants' counsel is inappropriate.[10] This argument need not be addressed, because Plaintiffs may serve Ruggles and Clay either by means of publication or by posting the Summons and Complaint at Ruggles and Clay's respective addresses.

Plaintiffs' Motion for Time requests an additional 60 days to serve Ruggles and Clay because of Ruggles and Clay's avoidance of service.[11] Defendants again argue that the time for service has passed and so Plaintiffs should not be granted an extension, and their argument fails for the same reason their opposition to the Motion fails.[12]

Plaintiffs are therefore granted an additional 60 days from the date of this order to serve Ruggles and Clay.

## ORDER

IT IS HEREBY ORDERED that:

1.  Plaintiffs' Motion and Affidavit for Alternate Service[13] is GRANTED.

2.  Plaintiffs' Motion and Memorandum to Extend Time to Serve Complaint[14] is GRANTED.

---

[10] Opposition at 4–5.

[11] Motion for Time. Note that Plaintiffs' Motion for Time was filed prior to the expiration of the 60 days granted to Plaintiffs to serve Ruggles and Clay in the Order.

[12] Opposition to Extension.

[13] Docket no. 50, filed Apr. 23, 2021.

[14] Docket no. 52, filed Apr. 28, 2021.

3.	Plaintiffs may serve Ruggles and Clay either by means of publication or by posting the Summons and Complaint at Ruggles and Clay's respective addresses.

4.	Service on Ruggles and Clay will be deemed complete for purposes of Fed. R. Civ. P. 4 the day after the Summons and Complaint is posted at Ruggles and Clay's respective addresses. If Plaintiffs choose to serve Ruggles and Clay by publication, service will be complete seven (7) days after Plaintiffs have published the Summons with a newspaper of general circulation in the county where Ruggles and Clay reside.

5.	Plaintiffs shall serve Ruggles and Clay within 60 days of entry of this order.

Signed May 19, 2021.

BY THE COURT

_____
Paul Kohler
United States Magistrate Judge